FILED
 2018 Jan-03  PM 03:38
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **ROPAK MANUFACTURING COMPANY, INC.,** ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | CASE NO.: _____ |
| ) | |
| **COMET TECHNOLOGIES USA, INC., successor in interest of PCT Engineered Systems, LLC,** ) ) ) | |
| ) | |
| DEFENDANT. ) | |

## VERIFIED COMPLAINT

**COMES NOW** Ropak Manufacturing Company, Inc. ("Ropak") and for its Complaint against COMET Technologies USA, Inc., successor in interest of PCT Engineered Systems, LLC ("PCT/COMET"), states as follows:

1. Ropak seeks damages for PCT/COMET's actions and inactions related to its sale, delivery, installation, set-up and service of the electron beam system at issue (the "Unit").

## PARTIES

2. Plaintiff Ropak is an Alabama corporation with its principal place of business in Decatur, Morgan County, Alabama.

3. Defendant PCT/COMET is a Delaware corporation which transacts business in Alabama. It is the successor by merger to PCT Engineered Systems, LLC, an Iowa corporation which also transacted business in Alabama.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as Ropak and PCT/COMET are citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. This Court has personal jurisdiction over PCT/COMET because this action arises out of or relates to PCT/COMET's substantial contacts with Alabama, and because there are sufficient minimum contacts between Alabama and PCT/COMET. PCT/COMET conducted business directly with Ropak and the actions complained of herein took place at Ropak's principal place of business in Decatur, Morgan County, Alabama. The Unit which is the subject of this action is located in Morgan County and has been for a majority of the time relevant to this action. The installation, set-up and servicing of the Unit by PCT/COMET personnel on a number occasions alleged herein occurred in Morgan County, Alabama. Additionally, multiple meetings between Ropak and PCT/COMET personnel took place at Ropak's principal place of business in Decatur, Morgan County, Alabama.

Upon information and belief, PCT/COMET has sufficient minimum contacts in Alabama to reasonably anticipate being hailed into this Court.

6. Venue is proper in the Northern District of Alabama, Northeastern Division, because a substantial part of the events or omissions giving rise to the claim occurred in Morgan County, Alabama.

## FACTUAL ALLEGATIONS

7. Ropak is a machine design and manufacturing firm which specializes in flexible packaging technology.

8. In August of 2013, Ropak began discussions with PCT Engineered Systems, LLC ("PCT"), the predecessor-in-interest to COMET Technologies USA, Inc.,[1] about PCT providing Ropak with an electron beam system. The purpose of such system was that it would be attached to existing equipment of Ropak and used to kill bacteria on various products.

9. On or about August 22, 2014, PCT provided Ropak with Proposal No. ROP001 for the design, delivery and installation of the Unit (the "Proposal"). A copy of the Proposal is attached hereto as Exhibit "A" and is incorporated herein fully by reference.

---

[1] In December of 2016, PCT merged with COMET Technologies USA, Inc., with COMET Technologies USA, Inc. being the surviving entity.

10. In connection with the Proposal, PCT marketed the purposes, capabilities and capacities of the Unit to Ropak and sold the Unit guaranteeing it would perform and operate to the specifications as represented by PCT.

11. On or about September 8, 2014, Ropak accepted the terms of the Proposal and issued its Purchase Order No. 61262 (the "Purchase Order") to COMET for the services and product outlined in the Proposal for the total purchase price of Seven Hundred Six Thousand Eight Hundred Twenty and No/100 Dollars ($720,820.00). A copy of the Purchase Order is attached hereto as Exhibit "B" and is incorporated herein fully by reference.[2]

12. The Purchase Order indicated an expected delivery date of the Unit of April 10, 2015, but the Unit was not delivered by PCT until October 27, 2016.

13. After delivery, PCT did not send personnel to begin the installation of the Unit until December 12, 2016.

14. Beginning immediately upon the attempted installation of the Unit and continuing through August of 2017, Ropak experienced failures by multiple features of the Unit, including, but not limited to:

    a. Failure of the Unit to hold vacuum as required;

    b. Failure of multiple foil clamps;

---

[2] The Proposal and the Purchase Order are collectively referred to as the "Contract Documents".

  c. Scrubbing of the chill roll by the pan resulting from fit issues of the pan;

  d. Improper surface finish of replacement parts; and

  e. Improper positioning of pins and bolt placements.

15. These failures, which were solely the fault of PCT/COMET, have completely prevented the use or operation of the Unit.

16. Since the October 27, 2016 delivery date, the Unit has never been operational.

17. Ropak has provided PCT/COMET with extensive opportunities to make repairs or adjustments to the Unit in an effort to make it operational, including, but not limited to, providing PCT/COMET personnel with full access to the Unit and engaging in numerous discussions, via e-mail and face-to-face or telephone conferences, concerning the issues with the Unit. PCT/COMET personnel came to Ropak's principal facility in Decatur, Morgan County, Alabama on at least five (5) separate occasions to install and attempt to repair the Unit to make it operational.

18. Despite having such opportunities, PCT/COMET has failed to complete the necessary repairs and adjustments.

19. On August 27, 2017, after a PCT/COMET technician again disregarded a previously agreed-to and exhaustively-discussed requirement that the pan fit into

the Unit without the need for beating and prying, Ropak informed PCT/COMET that no further attempts to make the Unit operational would be beneficial.

20. Ropak has made payments pursuant to the Contract Documents to PCT/COMET in the total amount of Six Hundred Thirty-Four Thousand Three Hundred Forty-Eight and 40/100 Dollars ($634,348.40)

21. The failure of the Unit purchased by Ropak has caused significant damage to Ropak's ability to conduct business with its customers. Ropak expended, and continues to expend, substantial time, labor and costs due to the failure of the Unit and the resulting inability to conduct Ropak's business. The failure of the Unit has caused financial losses to Ropak and its shareholders.

## COUNT ONE – BREACH OF CONTRACT

22. Ropak re-alleges and incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

23. Ropak contracted with PCT/COMET to purchase the Unit by accepting the terms of the Proposal and issuing the Purchase Order to PCT/COMET.

24. Ropak performed all obligations under the Contract Documents, including the payment of Six Hundred Thirty-Four Thousand Three Hundred Forty-Eight and 40/100 Dollars ($634,348.40) pursuant to the Contract Documents.

25. PCT/COMET breached the Contract Documents by failing to supply a conforming Unit to Ropak and failing to install, set-up, repair and maintain the Unit as required.

26. As a direct and proximate result of the breach of contract by PCT/COMET, Ropak has suffered and continues to suffer substantial damages.

**WHEREFORE**, Ropak demands judgment against PCT/COMET for compensatory damages in excess of $75,000.00, court costs, interest and any other relief that a jury may award and this Court may deem just and proper.

## COUNT TWO – NEGLIGENCE

27. Ropak re-alleges and incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

28. Duties existed on the part of PCT/COMET in its relationship with Ropak. Specifically PCT/COMET had a duty to exercise due care in performing its obligations under the Contract Documents, including ensuring the Unit would operate as promised.

29. PCT/COMET breached the duties it owed to Ropak by negligently failing to manufacture, install and service the Unit as promised under the Contract Documents.

30. Ropak suffered damages as a proximate consequence of PCT/COMET's breach of its duties.

31. There exists a causal relationship between PCT/COMET's conduct and Ropak's injuries.

**WHEREFORE**, Ropak demands judgment against PCT/COMET for compensatory damages in excess of $75,000.00, court costs, interest and any other relief that a jury may award and this Court may deem just and proper.

### COUNT THREE – BREACH OF WARRANTIES

32. Ropak re-alleges and incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

33. PCT/COMET warranted, expressly and impliedly, under agreements written, to Ropak that the Unit it was providing was fit for its intended use and purpose, was the Unit agreed upon and was specifically suited to the unique use and requirements of Ropak and its customers.

34. PCT/COMET further warranted, expressly and impliedly, under agreements written, to Ropak that it was going to provide the agreed-upon Unit to Ropak and perform all services required under the Contract Documents in a workmanlike manner, in accordance with all applicable codes, laws and industry standards.

35. PCT/COMET breached said warranties by failing to provide a Unit that was suited to the express, specific needs of Ropak as set out in the Contract Documents; by failing to provide a Unit that was fit for its intended use; by failing to provide the agreed-upon Unit to Ropak; by failing to perform all services under the Contract Documents in a timely, professional and workmanlike manner in accordance with applicable codes and industry standards.

**WHEREFORE**, Ropak demands judgment against PCT/COMET for compensatory damages in excess of $75,000.00, court costs, interest and any other relief that a jury may award and this Court may deem just and proper.

### COUNT FOUR – UNJUST ENRICHMENT

36. Ropak re-alleges and incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

37. Pursuant to the Contract Documents between Ropak and PCT/COMET, Ropak has paid to PCT/COMET the total amount of Six Hundred Thirty-Four Thousand Three Hundred Forty-Eight and 40/100 Dollars ($634,348.40).

38. PCT/COMET has received, and continues to receive, the benefit of such payment despite failing to perform under the Contract Documents.

**WHEREFORE**, Ropak demands judgment against PCT/COMET for compensatory damages in excess of $75,000.00, court costs, interest and any other relief that a jury may award and this Court may deem just and proper.

/s/ Barnes F. Lovelace, Jr.
Barnes F. Lovelace, Jr.
ASB-0064-L66B

/s/ David W. Langston
David W. Langston
ASB-4458-N64D

/s/ Zachary H. Starnes
Zachary H. Starnes
ASB-7600-C00Q

*Attorneys for Ropak Manufacturing Company, Inc.*

**OF COUNSEL:**

HARRIS, CADDELL & SHANKS, P.C.
Post Office Box 2688
Decatur, Alabama 35602-2688
Telephone:  (256) 340 – 8000
Facsimile:  (256) 340 – 8039
E-mail:  blovelace@harriscaddell.com
E-mail:  zstarnes@harriscaddell.com

**THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

/s/ David W. Langston
Of Counsel

**Defendant may be served via Certified Mail at:**

COMET Technologies USA, Inc.
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Courtesy Copy sent to:

Aaron T. Brogdon
Squire Patton Boggs LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
aaron.brogdon@squirepb.com

## VERIFICATION

Ernest Matthews declares, under penalty of perjury:

1. I am the President of Ropak Manufacturing Company, Inc. I am authorized to execute this Verification.

2. I have reviewed the foregoing Verified Complaint and hereby verify that the factual allegations contained in it are true. I base this statement on my personal knowledge and on the business records of Ropak Manufacturing Company, Inc.

Executed this 3rd day of January, 2018.

*Ernest L. Matthews*
Ernest Matthews

**STATE OF ALABAMA** )
)
**MORGAN COUNTY** )

Sworn to and subscribed before me this 3rd day of January, 2018.

*Jerry B. Garrett*
Notary Public
My Commission Expires 8/23/2021